CONNECTICUT FIRE INS. CO v. HOTEL
GRUNEWALD CATERERS, INC.

——

(April 23, 1928.   Opinion and Decree.)
(May 20, 1928.   Rehearing Refused.)
(July 2, 1928.   Writ of Certiorari and Re-
view Denied by Supreme Court.)

——

(*Syllabus by the Court*)

1. **Louisiana   Digest—Hotels   and   Inn-
· keepers—Par. 3.**
The liability of a hotel for loss of baggage
where the husband and wife are guests
in the same apartment is under Art.
2971 of the Civil Code only one hun-
dred ($100.00) dollars.

Appeal from Civil District Court, Divi-
sion "C."   Hon. E. K. Skinner, Judge.

Action by Connecticut Fire Insurance Co. against Hotel Grunewald Caterers, Inc.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, attorneys for defendant, appellant.

John C. Davey, of New Orleans, attorney for plaintiff, appellee.

JONES, J. Plaintiff brings this suit as subrogee of one Joseph Lazarus of Cincinnati, Ohio, who with his wife, was a guest at the Hotel Grunewald in February, 1921. A trunk containing the property of Lazarus was lost by the Hotel Company and the plaintiff as insurer of Lazarus paid Lazarus the sum of two thousand ($2,000.00) dollars, taking subrogation to the claim against the Hotel Company.

The loss is proved. Defendant, however, relies upon the limitation of liability expressed in Article 2971 of the Revised Civil Code of Louisiana as follows:

"No landlord or innkeeper shall be liable under the provisions of the foregoing six articles to any guests or party of guests occupying the same apartments for any loss sustained by such guests or party of guests by theft or otherwise, in any sum exceeding one hundred dollars, unless by special agreement in writing with the proprietor, manager or lessee of the hotel or inn a greater liability has been contracted for."

The District Judge concluded that the liability of the Hotel Company in this case should be limited to one hundred ($100.00) dollars, and accordingly gave judgment in favor of plaintiff for that sum. From this judgment plaintiff has appealed.

Plaintiff in his brief states his contention as follows:

"Your Honors will note that the limitation of liability provided for by the Article of the Code applies in the case of guests occupying the same apartments or party of guests occupying the same apartments. There is no limitation of liability in the case of a single guest occupying a room by himself. In such cases the innkeeper is liable for the full amount of his guest's loss. The limitation of liability applies only when there are two or more guests occupying the same apartments.

"We respectfully submit that where husband and wife occupy the same room, as happened in the instant case, the limitation of liability should not apply. The liability of the innkeeper should be the same as when a single guest occupies a room by himself, that is, liability for the full amount of the loss.

"The evident intent of the Article of the Code is to free the innkeeper of the obligation of guaranteeing his guest against the dishonesty of another guest occupying the same room. The law was never intended to apply in the case of husband and wife occupying the same rooms."

We agree with the trial judge that such an interpretation of the act is entirely unjustified. As the husband and wife were clearly "guests" of the hotel, they come within both the letter and the spirit of the law. The use of the plural word "guests" is justified not only by the rules of grammar, but also by everyday usage. No one would say, "Mr. and Mrs.——— are a 'guest' at the hotel." Certainly the Legislature never contemplated protection of husband against dishonesty of wife.

We think that a more logical argument could be made to the effect that it was the intention of the legislature to limit liability generally and, therefore, to use the singular word "guest" as the third word in line three of the above quoted section for it seems tautological to repeat the words "party of guests" after the "guests."

However, we do not find it necessary to pass on that point now, as the act clearly covers the present case where husband and wife were guests in the same apartment.

For above reasons the judgment is affirmed.